Dear Sheriff Golding:
You have asked for our opinion on several issues related to the appointment of municipal police officers as special deputy sheriffs in Harford County. Specifically, you posed the following questions:
1. What is the definition of special deputy and what are the parameters of his or her duties?
2. May the Sheriff of Harford County designate all qualified members of the local municipal police forces as special deputies, and are there any limitations or time restrictions on those designations?
3. May these special deputies make traffic stops outside their municipal territorial jurisdictions but within Harford County?
4. What liability attaches for the Sheriff and the municipality in the event of a lawsuit arising from the actions of a special deputy? The answers to your questions are as follows:
1. Under the common law, a sheriff may appoint a "special deputy" to perform a specific task or carry out a specific function when the sheriff's regular deputies are unavailable or unable to perform that duty. State law expressly permits the Sheriff of Harford County to appoint a police chief or a certified police officer of a municipality in the County as a "special deputy." A special deputy appointed in that manner is not an employee of, or entitled to compensation from, Harford County.
2. The Sheriff may designate all qualified members of local municipal police forces as "special deputies" only if all of those officers are needed for the specific purpose or function justifying the appointment of special deputies. The period of that designation would be limited to the duration of the circumstances justifying the designation. Of course, the Sheriff may find it useful to designate in advance those officers who are eligible to serve as special deputies and who may be called upon in the future to perform designated tasks under the Sheriff's authority as special deputies.
3. A municipal police officer generally may not make a traffic stop to enforce the State motor vehicle laws outside the officer's jurisdiction, unless the officer follows the offender into another jurisdiction in "fresh pursuit." Appointment as a special deputy sheriff ordinarily confers no greater authority on an officer to make routine traffic stops outside the officer's municipal jurisdiction. However, there may be rare cases in which the particular circumstances justifying the appointment of a special deputy involves making a traffic stop; in that case, the special deputy could make a traffic stop within Harford County even if outside the officer's municipal jurisdiction.
4. The liability of the Sheriff or a municipality for actions of a municipal police officer serving as a special deputy depends on the circumstances. The officer remains an employee of the municipality and is not considered an employee of the Sheriff or County. Even if a claim were asserted against the Sheriff, in most cases, the Sheriff would have no individual liability, but the suit would essentially be against the State.
 I Law Enforcement Duties of Sheriff
The State Constitution provides for a sheriff in each county and Baltimore City. Maryland Constitution, Article IV, § 44. The Constitution does not specifically enumerate a sheriff's duties, but simply provides that each sheriff shall "exercise such powers and perform such duties as now are or may hereafter be fixed by law." Id.
Accordingly, a Maryland sheriff has the powers and duties of a sheriff at common law, except as modified by statute or court rule. See 84 Opinions of the Attorney General (1999) [Opinion 99-016 (October 18, 1999)].
The duties exercised by the sheriff at common law included preserving the peace and public order, preventing and detecting crime, enforcing criminal laws by raising posses and arresting persons who commit crimes in the sheriff's presence, providing courthouse security, transporting prisoners, and serving warrants, writs, and summonses. Soper v. Montgomery County, 294 Md. 331, 336-37, 449 A.2d 1158 (1982). The sheriff's common law duties have to a large extent been codified by the General Assembly.[1]
The Court of Appeals has recognized that the codification of sheriffs' duties "has not substantially diminished those common law duties, but rather has left them essentially intact." Id. Thus, in the absence of a statute limiting the authority of the sheriff, the sheriff's duties, including law enforcement duties, are equivalent to what they were at common law. 60 Opinions of the Attorney General 647, 649-50 (1975).
In a county that has not established a county police force, such as Harford County, the sheriff remains the county's primary law enforcement officer, with the duty to enforce the criminal laws throughout the county. Soper v. Montgomery County, 294 Md. at 338-39; see also CP § 2-103 (defining "primary law enforcement officer", for the purpose of execution of certain arrest warrants, to include "the sheriff or the sheriff's designee in a county without a police department"). Where, however, either the county or a municipality has established a police force, general law enforcement functions are the responsibility of the local police department, and not the sheriff. See Soper,294 Md. at 343-45.
 II Authority to Appoint Special Deputy Sheriffs
A. Appointment of Deputies under Common Law
At common law, the sheriff had the authority to appoint, direct, and remove deputies. Rucker v. Harford County, 316 Md. 275, 290, 558 A.2d 399
(1989) (citing 1 Anderson on Sheriffs, Coroners and Constables §§ 60, 85, 145 (1941)). The sheriff had the exclusive authority to appoint a sufficient number of deputies to carry out the duties of the sheriff. See 1 Anderson on Sheriffs, supra, § 72. The sheriff's regular deputies served as his agents and were deemed to act on his behalf and under his authority. Id., § 77.
The common law also recognized that certain situations might create a need for special assistance. 58 Opinions of the Attorney General 708, 710-11 (1973). When the sheriff's contingent of deputies was not sufficient for a specific purpose, the sheriff could appoint special deputies as necessary to carry out the sheriff's official duties effectively. 1 Anderson on Sheriffs, supra, § 70. A "special deputy" was appointed for a limited time to carry out a specific duty.[2] Id.; see also 70 Am. Jur.2d, Sheriffs, Police and Constables, § 8. Presumably, for that purpose, and that purpose only, a special deputy acted as the sheriff's agent. However, a sheriff did not have authority to appoint a permanent cadre of special deputies to assist the sheriff in carrying out routine duties. See 58 Opinions of the Attorney General 708, 720-725 (1973) (members of "Sheriff's Auxiliary" would not be considered special deputies); 54 Opinions of the Attorney General 387, 393 (1969) (sheriff could not maintain standing reserve corps of special deputies); 37 Opinions of the Attorney General 321, 323 (1952) (no legal basis for appointment of "honorary" members of sheriff's staff). Thus, "in the absence of necessity or emergency, there can be no justification" for the appointment of special deputy sheriffs. 58 Opinions of the Attorney General at 724.
B. Statutory Modifications of Sheriff's Appointment Authority
The appointment authority of the sheriff under common law has been modified to some degree by the General Assembly. For example, the Legislature has prescribed the number of deputies who may be appointed in certain counties and provided for tenure and specified employment benefits, including compensation. Annotated Code of Maryland, Courts Judicial Proceedings Article, ("CJ") § 2-309. To the extent that a sheriff's appointment authority has not been modified by CJ § 2-309
or other statutes,[3] the sheriff retains the appointment authority bestowed by the common law. 58 Opinions of the Attorney General 708, 714 (1973).
The Legislature has authorized the Sheriff of Harford County to "appoint the number of deputies at the compensation provided in the county budget." CJ § 2-309(n)(3).[4] The Sheriff may also appoint as special deputy sheriffs the chiefs of police of municipalities in Harford County, as well as municipal police officers who have been certified by the Maryland Police Training Commission. CJ § 2-309 (n)(4).[5] A special deputy appointed under that authority is expressly not an employee of the Sheriff or of Harford County. CJ § 2-309(n)(5). Other than identifying a class of individuals who may be designated special deputies, the statute does not alter the Sheriff's common law authority to appoint special deputies. In particular, any special deputy is to assist the Sheriff with some specified function in a particular situation where the Sheriff's regular deputies are unavailable or unable to do so.
 III Law Enforcement Authority of Special Deputy Outside Municipality
A. Common Law Limitations on Extra-Territorial Jurisdiction of PeaceOfficers
At common law, the law enforcement authority of a peace officer was limited to the geographical area in which he or she was assigned. Stevenson v. State, 287 Md. 504, 509, 413 A.2d 1340 (1980). One limited exception existed, whereby a law enforcement officer could make an arrest outside his or her authorized jurisdiction when in "fresh pursuit" of a suspected felon. Id. at 509-10. A law enforcement officer who made an extra-jurisdictional arrest in any other circumstance was deemed to be acting as a private citizen in making the arrest. Id. In such a case, the law enforcement officer did not enjoy the benefit of official immunities that applied to the officer's actions within his or her jurisdiction.
B. Statutory Expansion of Extra-Territorial Jurisdiction
The General Assembly has broadened the extra-territorial authority of law enforcement officers beyond what was permitted at common law. See, e.g., Annotated Code of Maryland, Criminal Procedure Article ("CP"), § 2-102.[6] Under CP § 2-102, an officer may make arrests, conduct investigations, and otherwise enforce the law throughout Maryland in the following circumstances:
 (1) the officer is participating in a joint investigation with other agencies, at least one of which has local jurisdiction;
(2) the officer is rendering assistance to another officer;
(3) the officer is acting at the request of another officer; or
(4) an emergency exists.[7]
CP § 2-102(b)(3)(i). In those circumstances, the officer must act in accordance with regulations of the officer's department concerning extra-territorial activities. CP § 2-102(b)(3)(ii). In addition, the officer must notify certain police officials in the jurisdiction where the officer acts. CP § 2-102(c).[8]
While the General Assembly has, in CP § 2-102, expanded the circumstances under which an officer may act outside the officer's jurisdiction, it specifically provided that the extra-territorial authority granted by that section does not extend to enforcement of the Maryland Vehicle Law. CP § 2-102(b)(2); see also Boston v. Baltimore County Police Dep't, 357 Md. 393, 404, 744 A.2d 1062 (2000) (statutory prohibition against extra-territorial enforcement of the motor vehicle laws is "subject to no exceptions," even when the law enforcement officer purports to be acting in response to an emergency situation caused by an impaired or reckless driver). However, an officer may still make a traffic stop outside the officer's jurisdiction under the separate "fresh pursuit" doctrine. Seip v. State, 153 Md. App. 83, 86, 835 A.2d 187
(2003).
C. Application to Special Deputy Sheriffs in Harford County
In our opinion, a municipal police officer in Harford County, who is appointed a special deputy sheriff for a specific purpose and for a limited time, may make arrests, conduct investigations, and otherwise exercise law enforcement authority outside the officer's normal jurisdiction but within Harford County.[9] Of course, the exercise of such law enforcement authority must be related to the specific purpose for which a special deputy was needed. In such a case, the special deputy sheriff is not acting extra-territorially, but rather within the jurisdiction of the Harford County Sheriff.
To the extent that a municipal police officer who is appointed a special deputy sheriff exercises law enforcement authority unrelated to the specific purpose that necessitated the appointment of a special deputy, the officer's actions would be assessed without reference to the officer's appointment as a special deputy sheriff. For example, if the officer makes an arrest outside the officer's municipality for an offense unrelated to the purpose of the officer's appointment as a special deputy, the lawfulness of that arrest would depend on whether the officer could lawfully make such an arrest in the officer's capacity as a municipal police officer.
It appears unlikely that the unusual circumstances justifying the appointment of a special deputy sheriff would relate to making routine traffic stops. In addition, as explained above, the primary statute that grants extra-territorial authority to municipal police officers specifically excludes enforcement of the motor vehicle laws. Thus, in our view, a municipal police officer who is appointed a special deputy sheriff generally will not have authority to make routine traffic stops outside the officer's municipality as a result of that appointment. Of course, there may be occasions when the particular situation that entailed the appointment of a special deputy may also involve a traffic stop as part of the investigation. In that instance, the special deputy would have authority to make a traffic stop within Harford County.
 IV Potential Liability for Actions of Special Deputies
In the absence of any specific facts, it is impossible to provide a comprehensive analysis of the potential liability of the Sheriff or a municipality for the acts of a municipal police officer who is appointed a special deputy sheriff. However, the General Assembly has made clear that a municipal police officer appointed as a special deputy sheriff does not become an employee of the Sheriff or County by virtue of that appointment. CJ § 2-309(n)(5). Thus, the officer remains an employee of the municipality. If a lawsuit arose from actions taken by a special deputy at the direction of the Sheriff, the special deputy may be considered an agent of the Sheriff for that specific purpose. In that case, the Sheriff could be potentially liable for such claims as negligent supervision of the special deputy.[10] As a general rule, however, if the Sheriff acts without malice or gross negligence, the Sheriff would have no individual liability and the claim would essentially be a suit against the State of Maryland under the Maryland Tort Claims Act. See Annotated Code of Maryland, State Finance 
Procurement Article, § 12-104; CJ § 5-522
Different rules concerning liability and immunity may apply depending on whether the claim is made against the Sheriff or the municipality.[11]
See Lee v. Cline, 149 Md. App. 38, 74-83, 814 A.2d 86 (2002).
 V Conclusion
1. Under the common law, a sheriff may appoint a "special deputy" to perform a specific task or carry out a specific function when the sheriff's regular deputies are unavailable or unable to perform that duty. State law expressly permits the Sheriff of Harford County to appoint a police chief or a certified police officer of a municipality in the County as a "special deputy." A special deputy appointed in that manner is not an employee of, or entitled to compensation from, Harford County.
2. The Sheriff may designate all qualified members of local municipal police forces as "special deputies" only if all of those officers are needed for the specific purpose or function justifying the appointment of special deputies. The period of that designation would be limited to the duration of the circumstances justifying the designation. Of course, the Sheriff may find it useful to designate in advance those officers who are eligible to serve as special deputies and who may be called upon in the future to perform designated tasks under the Sheriff's authority as special deputies.
3. A municipal police officer generally may not make a traffic stop to enforce the State motor vehicle laws outside the officer's jurisdiction, unless the officer follows the offender into another jurisdiction in "fresh pursuit." Appointment as a special deputy sheriff ordinarily confers no greater authority on an officer to make routine traffic stops outside the officer's municipal jurisdiction. However, there may be rare cases in which the particular circumstances justifying the appointment of a special deputy involves making a traffic stop; in that case, the special deputy could make a traffic stop within Harford County even if outside the officer's municipal jurisdiction.
4. The liability of the Sheriff or a municipality for actions of a municipal police officer serving as a special deputy depends on the circumstances. The officer remains an employee of the municipality and is not considered an employee of the Sheriff or County. Even if a claim were asserted against the Sheriff, in most cases, the Sheriff would have no individual liability, but the suit would essentially be against the State.
Very truly yours,
 __________________________ J. Joseph Curran, Jr. Attorney General
 __________________________ Cynthia Peltzman Assistant Attorney General
 __________________________ Robert N. McDonald Chief Counsel Opinions and Advice
[1] Duties of the sheriff that have been codified by the General Assembly include the service of writs and process, Annotated Code of Maryland, Courts Judicial Proceedings Article ("CJ"), § 2-301; the transportation of detained persons to court, CJ § 2-305; and the collection of fees and penalties, CJ § 2-308 In addition, a sheriff is to take custody of any individual sentenced to death, Annotated Code of Maryland, Correctional Services Article ("CS"), § 3-901; maintain custody of certain inmates, CS § 11-201; and transport individuals who are convicted, CS § 11-202.
[2] The authority of the sheriff to appoint "special deputies" is distinct from the authority of the sheriff to raise a posse comitatus in an extraordinary situation where the sheriff anticipates resistance to the sheriff's authority. 58 Opinions of the Attorney General 708, 711 (1973). In the latter case, the sheriff may enlist the assistance of bystanders to aid in overcoming the resistance and restore order. 1 Anderson on Sheriffs §§ 141 and 145.
[3] For example, the Legislature has authorized sheriffs, including the Sheriff of Harford County, to appoint members of fire companies as deputy sheriffs for specific purposes. See Annotated Code of Maryland, Public Safety Article, § 7-303.
[4] The statute also provides that, subject to certain exceptions, a deputy — or other employee of the Harford County Sheriff's Office — may not be terminated from employment without just cause. CJ § 2-309(n)(6).
[5] This provision was added to the statute in 1987 to codify the Sheriff's practice of looking to municipal police agencies for special deputies. Chapter 273, Laws of Maryland 1987; see Revised Fiscal Note to House Bill 1568 (1987).
[6] Other statutes authorize a law enforcement officer to exercise authority outside the officer's jurisdiction if the officer is acting in "fresh pursuit" of a suspect (CP § 2-301); enforcing controlled dangerous substance laws (CP § 5-802); or acting pursuant to a mutual aid agreement among political subdivisions (CP § 2-105).
[7] "Emergency" is defined as "a sudden or unexpected happening or an unforeseen combination of circumstances that calls for immediate action to protect the health, safety, welfare, or property of a person from actual or threatened harm or from an unlawful act." CP § 2-101(b).
[8] Notice must be given in advance when the officer is participating in a joint investigation. In the other three situations, notice may be given after the fact. CP § 2-102(c).
[9] A special deputy sheriff could not, as a special deputy, exercise law enforcement authority outside Harford County. The extra-territorial law enforcement authority granted by CP § 2-102(b) that would allow regular deputy sheriffs to exercise law enforcement authority outside Harford County does not extend to special deputy sheriffs. The definition of "police officer" for purposes of that section includes "the sheriff of a county whose usual duties include the making of arrests" and "a regularly employed deputy sheriff of a county who is compensated by the county and whose usual duties include the making of arrests." CP § 2-101(c)(10)-(11) (emphasis added). Thus, while a regular deputy could, in appropriate circumstances, exercise law enforcement authority outside Harford County, a special deputy could not, at least insofar as the officer relied on his or her status as a special deputy sheriff.
[10] To the extent that an officer exercises law enforcement authority outside the officer's municipal jurisdiction, but not in the capacity of a deputy sheriff, the officer could assert applicable official immunities when acting in fresh pursuit or under a statutory grant of extra-territorial authority. See CP §§ 2-102(d),2-103(c), and 2-105(c). Otherwise, an officer who makes an arrest outside the officer's jurisdiction acts as a private citizen and is subject to the same liability as a private citizen. See Horn v. City of Seat Pleasant, 57 F. Supp.2d 219, 225 (1999).
[11] For example, the liability of a municipality is generally greater than that of the State of Maryland. Unlike the State, a municipality may have respondeat superior liability for the unconstitutional acts of its agents. See, e.g., DiPino v. Davis, 354 Md. 19, 729 A.2d 354
(1999). *Page 76